UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 11-17-KSF

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                          **OPINION & ORDER**

JAMES RUSSELL KEARNEY                                                       DEFENDANT

\* \* \* \* \* \* \* \* \*

Currently before the Court is the motion [DE #18] of the defendant, James Russell Kearney, to suppress statements he made to law enforcement on November 1, 2010 during a phone call to ATF Special Agent Scott Teal. Kearney contends that the statements should be suppressed because Special Agent Teal did not first read him his *Miranda* rights. For the reasons set forth below, Kearney's motion to suppress will be denied.

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court established the due process right of a person subjected to a custodial interrogation by law enforcement authorities to the presence of counsel during such interrogation. At issue in this case is whether Kearney's statements to Agent Teal were made during a "custodial interrogation," as Kearney contends, or during a "consensual encounter,"as the United States contends. Unless the statements were made during a custodial interrogation, no *Miranda* warnings were necessary.

The statements at issue were made while Kearney was in jail serving a sentence for unrelated charges. According to the United States, Kearney placed two phone calls to Special Agent Teal. On October 29, 2010, Kearney called the ATF offices in Lexington and asked to speak to Agent Teal.

Agent Teal was not available, but another agent took his message. Then, on November 1, 2010, Kearney called Agent Teal again. It is during this phone conversation that Kearney made statements about his involvement with a firearm that he now seeks to suppress.

While the Sixth Circuit has not clearly ruled on whether a phone conversation with law enforcement initiated by a suspect who is in jail for an unrelated offense constitutes a "custodial interrogation" under *Miranda* and its progeny, the Court finds the Ninth Circuit's ruling in *Saleh v. Fleming*, 512 F.3d 548 (9th Cir. 2008), to be persuasive in this matter. In *Saleh*, a state defendant sought federal habeas corpus relief after he was convicted of his wife's murder. While in jail on an unrelated matter, law enforcement officials tried twice to interview the defendant. During both attempts, the defendant was advised of his *Miranda* rights. The defendant subsequently called the investigating detective and made statements about his wife. No *Miranda* warnings were given during this conversation. The defendant was later charged and convicted with his wife's murder, based in part on these statements. *Id*.

The defendant later challenged the admission of these statements as contrary to *Mathis v. United States*, 391 U.S. 1 (1968), where the Supreme Court held the lower courts erred in admitting the defendant's self-incriminating statements given without *Miranda* warnings to an internal revenue agent while he was incarcerated in state jail. The *Saleh* court easily distinguished the *Mathis* decision, stating:

> [T]he facts of *Mathis* were unlike the facts here in significant respects. First, the interrogation in *Mathis* was initiated by a federal agent, who interviewed Mathis while he was in state prison; here, the conversation in question was a phone conversation initiated by Saleh. Second, there is no indication in *Mathis* that the prisoner was free to end the interrogation with the agent; here, it is undisputed that Saleh could have terminated the phone call he had begun at any time. Thus, *Mathis*'s dependence upon *Miranda's* discussion of custody as relating to a deprivation of freedom by the authorities is of no help to Saleh here, where he freely placed the phone call and his freedom to terminate the discussion of Edward's murder was

unaffected by his unrelated incarceration.

*Saleh*, 512 F.3d at 551 (internal citations omitted).

The facts in this case are very similar to those faced by the court in *Saleh*. Here, Kearney placed the call on his own initiative. He was free to terminate the phone conversation at any time. The fact that he was incarcerated on other charges does not turn this consensual encounter into a custodial interrogation. The Court also agrees with the Eighth Circuit's holding in *Leviston v. Black*, 843 F.2d 302, 304 (8th Cir. 1988), that "incarceration does not *ispo facto* render an interrogation custodial," and that the need for a *Miranda* warning to the person in custody for an unrelated matter will only be triggered by "some restriction on his freedom in connection with the interrogation itself." *See also Cervantes v. Walker*, 589 F.2d 424, 427-28 (9th Cir. 1978)(rejecting a per se requirement of *Miranda* warnings for all persons interrogated while incarcerated). Here, Kearney did not suffer any additional restriction on his freedom based on his telephone conversation with Agent Teal. Under these circumstances, the November 1, 2010 phone conversation was not custodial for purposes of *Miranda*. Accordingly, Kearney's motion to suppress [DE #18] is **DENIED**.

This May 26, 2011.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**